**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CREATIVE PLANNING, LLC  ) | | |
| f/k/a CREATIVE PLANNING, INC.,  ) | | |
|   ) | | |
| Plaintiff,  ) | | |
|   ) | | |
| v.  ) | Case No. | |
|   ) | | |
| STEPHEN A. GRECO,  ) | **JURY TRIAL DEMANDED** | |
|   ) | | |
| 2 Mid America Plaza, Suite 710  ) | | |
| Oakbrook Terrace, Illinois 60181,  ) | | |
|   ) | | |
| Defendant.  ) | | |

**COMPLAINT**

Plaintiff, Creative Planning, LLC f/k/a Creative Planning, Inc. ("**Creative**"), for its Complaint against Defendant, Stephen A. Greco ("**Greco**"), states:

**PARTIES**

1.  Creative is a Missouri limited liability company with its principal place of business in Overland Park, Kansas. It was previously known as Creative Planning, Inc. and converted to a limited liability company in January 2020. Creative's sole member is CPI Holdco B, LLC, whose sole member is CPI Holdco A, LLC. Creative Planning Holdco, LLC is the sole member of CPI Holdco A, LLC. CPI Holdco B, LLC, CPI Holdco A, LLC, and Creative Planning Holdco, LLC are Delaware limited liability companies whose principal places of business are in the State of Kansas. General Atlantic (CP) Collections, L.P. and Creative Planning (CPI) Holdco, Inc. are the members of Creative Planning Holdco, LLC. General Atlantic (CP) Collections, L.P. is a Delaware limited partnership whose principal place of business is in the State of New York. Creative Planning (CPI) Holdco, Inc. is a Delaware

corporation whose principal place of business is in the State of Kansas. The Peter Mallouk Trust Dated July 17, 2002, and the MJG Irrevocable Trust Dated January 1, 2014, are the members of Creative Planning (CPI) Holdco, Inc. The Trustees of the Trusts, Peter Mallouk and Alexander Mallouk, respectively, are residents of the State of Kansas.

2. Greco is an individual and resident of the State of Illinois.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The parties agreed, as set forth in a Confidential Settlement Agreement and Mutual Release dated September 5, 2017 ("**Agreement**"), that Kansas law would govern any disputes.

5. Greco engaged in numerous telephone calls and communications with Kansas entities while doing business, including, but not limited to, negotiating the Agreement.

6. Furthermore, Greco has directed his wrongful actions toward a Kansas resident, causing injury.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the asserted claim occurred in the District of Kansas and the harm to Creative has occurred and will continue to occur in this District.

## SUBSTATIVE ALLEGATIONS

8. Creative is a national wealth management company that previously employed Greco as its National Director.

9. Greco voluntarily left Creative and founded a competing wealth management company.

10. Creative and Greco entered into the Agreement following his resignation.

11. In the Agreement, Greco expressly agreed that "for a period of three (3) years from [his] last date of employment with [Creative] (March 1, 2017), [he] will not solicit, directly or indirectly, the employment of any person who is an employee of [Creative] as of the Effective Date."

12. Additionally, in the Agreement, Greco covenanted and agreed that he would not "make any disparaging or defamatory remarks against or concerning [Creative]."

13. Greco acknowledged and represented that the covenants in the Agreement were "appropriate and necessary to protect [Creative's] goodwill, confidential information, trade secrets, and specialized training and that the three-year non-solicitation period is appropriate and necessary to protect [Creative's] relationships with its clients."

14. Greco also agreed that violation of the covenants, including the non-solicitation and non-disparagement provisions, would cause Creative "irreparable harm" and that Creative would be entitled to seek a "temporary restraining order, and preliminary or permanent injunctive relief, against [Greco] and any person or entity acting in concert with [him]."

15. Moreover, Greco acknowledged and agreed that Creative would be entitled to "actual, compensatory, special, or punitive damages, and any other relief available at law or in equity" for breach of the Agreement.

*Greco's Disparaging Comments*

16. Upon information and belief, Greco has contacted reporters in the financial services industry and shared with them a story of his own making, misstating Creative's growth and success.

17. Several reporters thoroughly investigated Creative and found no support whatsoever for Greco's story.

18. Greco's actions required Creative to engage a communications firm and legal counsel to address the fabricated accusations.

*Solicitation of Creative's Employees*

19. Greco has a history of seeking to solicit Creative's employees.

20. As Greco was leaving Creative, he attempted to recruit multiple employees to leave the company.

21. Thereafter, in March 2019, without any prompting, Greco contacted a Creative employee to discuss job opportunities at his competing wealth management company.

22. Greco has continued to ignore the terms of the Agreement and solicit Creative's employees.

## CAUSES OF ACTION

### Count I—Breach of Contract

23. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

24. The Agreement is a valid and enforceable contract between Creative and Greco.

25. Creative has fully performed its obligations under the Agreement.

OP 1975739.1

26. Greco has materially breached the Agreement by, among other things, (a) making false and disparaging comments to third-parties about Creative, and (b) attempting to recruit Creative's employees to resign and join his competing wealth management company.

27. Creative has been harmed and suffered more than $75,000 in damages due to Greco's material breaches of contract.

WHEREFORE, Plaintiff, Creative Planning, LLC f/k/a Creative Planning, Inc., respectfully requests that the Court enter an Order:

A. Permanently enjoining Defendant, and all others who are in active concert or participation with him, from soliciting Plaintiff's employees for a period of thirty-six months, or as otherwise equitably extended due to his prior non-compliance with his contractual obligations;

B. Permanently enjoining Defendant, and all others who are in active concert or participation with him, from disparaging and defaming Plaintiff;

C. Awarding judgment in Plaintiff's favor and against Defendant for damages in excess of $75,000 in an amount to be determined at trial, together with interest as allowed by law;

D. Awarding Plaintiff its costs and expenses, including, without limitation, reasonable attorneys' fees, incurred in the prosecution of this action; and

E. Granting such other and further relief as the Court finds just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial and respectfully requests that the Court direct that the trial in this action be conducted at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable in this action.

        SPENCER FANE LLP

        */s/ Melissa Hoag Sherman*
        Melissa Hoag Sherman, KS# 20278
        6201 College Boulevard, Suite 500
        Overland Park, KS 66211
        (913) 345-8100
        (913) 345-0736 (Facsimile)
        msherman@spencerfane.com

        Leslie A. Greathouse, KS #18656
        Spencer Fane LLP
        1000 Walnut, Suite 1400
        Kansas City, MO 64106
        (816) 474-8100
        (816) 474-3216 (Facsimile)
        *lgreathouse@spencerfane.com*

        ATTORNEYS FOR PLAINTIFF