## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CREATIVE PLANNING, LLC ) <br> f/k/a CREATIVE PLANNING, INC., ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> STEPHEN A. GRECO, ) <br> 2 Mid America Plaza, Suite 710 ) <br> Oakbrook Terrace, Illinois 60181; ) <br>  ) <br> and ) <br>  ) <br> SPOTLIGHT ASSET GROUP, INC., ) <br>  ) <br> Serve:  Stephen A. Greco, President ) <br>           2 Mid America Plaza, Suite 710 ) <br>           Oakbrook Terrace, Illinois 60181, ) <br>  ) <br> Defendants. ) | Case No. 2:20-cv-02184-HLT-JPO <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff, Creative Planning, LLC f/k/a Creative Planning, Inc. ("**Creative**"), for its First Amended Complaint against Defendants, Stephen A. Greco ("**Greco**") and Spotlight Asset Group, Inc. ("**Spotlight**") (collectively, "**Defendants**"), states:

## PARTIES

1.  Creative is a Missouri limited liability company with its principal place of business in Overland Park, Kansas. It was previously known as Creative Planning, Inc. and converted to a limited liability company in January 2020. Creative's sole member is CPI Holdco B, LLC, whose sole member is CPI Holdco A, LLC. Creative Planning Holdco, LLC is the sole member of CPI Holdco A, LLC. CPI Holdco B, LLC, CPI Holdco A, LLC, and Creative Planning Holdco, LLC are Delaware limited liability companies whose principal places of

business are in the State of Kansas. General Atlantic (CP) Collections, L.P. and Creative Planning (CPI) Holdco, Inc. are the members of Creative Planning Holdco, LLC. General Atlantic (CP) Collections, L.P. is a Delaware limited partnership whose principal place of business is in the State of New York. Creative Planning (CPI) Holdco, Inc. is a Delaware corporation whose principal place of business is in the State of Kansas. The Peter Mallouk Trust Dated July 17, 2002, and the MJG Irrevocable Trust Dated January 1, 2014, are the members of Creative Planning (CPI) Holdco, Inc. The Trustees of the Trusts, Peter Mallouk and Alexander Mallouk, respectively, are residents of the State of Kansas.

2. Greco is an individual and resident of the State of Illinois.

3. Spotlight is an Illinois corporation with its principal place of business in Oakbrook Terrace, Illinois. Spotlight is domiciled in and a resident of the State of Illinois and may be served through Greco, its President, at 2 Mid America Plaza, Suite 710, Oakbrook Terrace, Illinois 60181.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between and among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The parties agreed, as set forth in a Confidential Settlement Agreement and Mutual Release dated September 5, 2017 ("**Agreement**"), that Kansas law would govern any disputes.

6. Greco engaged in numerous telephone calls and communications with Kansas entities while doing business, including, but not limited to, negotiating the Agreement.

7. Upon information and belief, Greco has also engaged in numerous communications with Kansas entities for and on behalf of Spotlight.

8. Furthermore, both personally and as Spotlight's agent, Greco has directed his wrongful actions toward a Kansas resident, causing injury.

9. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted in this action occurred in the District of Kansas and the harm to Creative has also occurred and will continue to occur in this District.

## SUBSTATIVE ALLEGATIONS

10. Creative is a national wealth management company that previously employed Greco as its National Director.

11. Greco voluntarily left Creative and founded Spotlight, a competing wealth management company.

12. Creative and Greco entered into the Agreement following his resignation.

13. In the Agreement, Greco expressly agreed that "for a period of three (3) years from [his] last date of employment with [Creative] (March 1, 2017), [he] will not solicit, directly or indirectly, the employment of any person who is an employee of [Creative] as of the Effective Date."

14. Additionally, in the Agreement, Greco covenanted and agreed that he would not "make any disparaging or defamatory remarks against or concerning [Creative]."

15. Greco acknowledged and represented that the covenants in the Agreement were "appropriate and necessary to protect [Creative's] goodwill, confidential information, trade

secrets, and specialized training and that the three-year non-solicitation period is appropriate and necessary to protect [Creative's] relationships with its clients."

16. Greco also agreed that violation of the covenants, including the non-solicitation and non-disparagement provisions, would cause Creative "irreparable harm" and that Creative would be entitled to seek a "temporary restraining order, and preliminary or permanent injunctive relief, against [Greco] and any person or entity acting in concert with [him]."

17. Moreover, Greco acknowledged and agreed that Creative would be entitled to "actual, compensatory, special, or punitive damages, and any other relief available at law or in equity" for breach of the Agreement.

18. At all relevant times after the execution of the Agreement, Greco was employed by and acting on behalf of Spotlight.

### *Disparaging Statements*

19. Upon information and belief, Greco has contacted reporters in the financial services industry and shared with them a story of his own making, misstating Creative's growth and success.

20. Several reporters thoroughly investigated Creative and found no support whatsoever for Greco's story.

21. Greco's actions required Creative to engage a communications firm and legal counsel to address the fabricated accusations.

### *Solicitation of Creative's Employees*

22. Greco has a history of seeking to solicit Creative's employees.

23. As Greco was leaving Creative, he attempted to recruit multiple employees to leave the company.

24. Thereafter, in March 2019, without any prompting, Greco contacted a Creative employee to discuss job opportunities at Spotlight.

25. Greco and Spotlight have continued to ignore the terms of the Agreement and solicit Creative's employees.

## CAUSES OF ACTION

### Count I - Breach of Contract (Against Greco)

26. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

27. The Agreement is a valid and enforceable contract between Creative and Greco.

28. Creative has fully performed its obligations under the Agreement.

29. Greco has materially breached the Agreement by, among other things (a) making false and disparaging comments to third-parties about Creative, and (b) attempting to recruit Creative's employees to resign and join Spotlight.

30. Creative has been harmed and suffered more than $75,000 in damages due to Greco's material breaches of contract.

### Count II - Tortious Interference with Business Expectancies and Relationships (Against Greco)

31. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

32. Greco had knowledge regarding Creative's business relationships with its customers, employees, and partners in the financial services industry.

33. Greco acted with the intent to cause economic harm to Creative by damaging and interfering with Creative's business relationships with its customers, employees, and partners.

5

34. But for Greco's conduct, including, without limitation, his disparaging comments, Creative was reasonably certain to have continued business relationships with its customers, employees, and partners.

35. Creative has been harmed and suffered more than $75,000 in damages due to Greco's intentional actions.

### Count III - Negligent Misrepresentation (Against Greco)

36. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

37. Greco made various representations to Creative when entering into the Agreement, including that he would not solicit its employees or disparage Creative.

38. Greco had a monetary interest in making the representations and approving the terms of the Agreement.

39. Greco made the representations to induce Creative to sign the Agreement.

40. The representations made by Greco were false.

41. Greco's negligent misrepresentations have damaged Creative and caused it to incur expenses in excess of $75,000 to combat the spread of Greco's false statements.

### Count IV - Slander (Against Greco)

42. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

43. Greco made false and defamatory statements and representations about Creative.

OP 1975739.1

44. Specifically, as referenced above, Greco made false statements to various reporters, including, but not limited to, stating that Creative had misrepresented its growth and success.

45. Greco's false statements damaged Creative's reputation.

46. Creative has incurred expenses in excess of $75,000 to combat the spread of Greco's false statements, including fees and costs to engage attorneys and communications professionals.

### Count V - Tortious Interference with Contract (Against Spotlight)

47. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

48. The Agreement is a valid and enforceable contract between Creative and Greco.

49. Spotlight had knowledge regarding the Agreement and its provisions prohibiting Greco from disparaging Creative and soliciting its employees.

50. Spotlight intentionally, and without any justification or excuse, caused Greco to breach the Agreement.

51. Creative has been harmed and suffered damages in excess of $75,000 due to Spotlight's actions in causing Greco to breach the Agreement.

### Count VI - Tortious Interference with Business Expectancies and Relationships (Against Spotlight)

52. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

53. Spotlight had knowledge regarding Creative's business relationships with its customers, employees, and partners in the financial services industry.

7

54. Spotlight acted with the intent to cause economic harm to Creative by damaging and interfering with Creative's business relationships with its customers, employees, and partners.

55. But for Spotlight's conduct, including, without limitation, Greco's false and disparaging statements, Creative was reasonably certain to have continued business relationships with its customers, employees, and partners.

56. Creative has been harmed and suffered damages in excess of $75,000 due to Spotlight's intentional actions.

### Count VII - Civil Conspiracy (Against Greco and Spotlight)

57. Creative re-alleges and incorporates by reference all prior allegations as if fully stated herein.

58. Greco and Spotlight acted in concert for the purpose of improperly competing against Creative and interfering with its business relationships with its customers, employees, and partners in the financial services industry.

59. This concerted action resulted from an improper agreement between Defendants and was effectuated through the unlawful acts of (a) breaching the Agreement, (b) disparaging and defaming Creative; and (c) soliciting Creative's employees.

60. Creative has been harmed and suffered damages in excess of $75,000 as a proximate result of Defendants' wrongful concerted actions.

WHEREFORE, Plaintiff, Creative Planning, LLC f/k/a Creative Planning, Inc., respectfully requests that the Court enter an Order:

A. Permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with them, from soliciting Plaintiff's employees for a period of thirty-six months, or as otherwise equitably extended due to Greco's prior non-compliance with his contractual obligations;

B. Directing Defendant Stephen A. Greco to comply with his contractual obligations under the Agreement and permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others who are in active concert or participation with them, from disparaging and defaming Plaintiff;

C. Awarding judgment in Plaintiff's favor and against Defendants for damages in excess of $75,000, in an amount to be determined at trial, together with interest as allowed by law;

D. Awarding Plaintiff its costs and expenses, including, without limitation, reasonable attorneys' fees, incurred in the prosecution of this action; and

E. Granting such other and further relief as the Court finds just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial and respectfully requests that the Court direct that the trial in this action be conducted at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable in this action.

**SPENCER FANE LLP**

*/s/ Melissa Hoag Sherman*
Melissa Hoag Sherman, KS# 20278
6201 College Boulevard, Suite 500
Overland Park, KS 66211
(913) 345-8100
(913) 345-0736 (Facsimile)
msherman@spencerfane.com

Leslie A. Greathouse, KS #18656
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 (Facsimile)
*lgreathouse@spencerfane.com*

ATTORNEYS FOR PLAINTIFF

10