## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CREATIVE PLANNING, LLC | ) | |
| f/k/a CREATIVE PLANNING, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-02184-HLT-JPO |
| | ) | |
| STEPHEN A. GRECO, | ) | |
| and | ) | |
| | ) | |
| SPOTLIGHT ASSET GROUP, INC., | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Defendants, Stephen A. Greco and Spotlight Asset Group, Inc., ("Spotlight") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint with Prejudice and state as follows:

## I. INTRODUCTORY STATEMENT

Plaintiff's First Amended Complaint ("Complaint") is irreconcilable with well-established federal and state jurisprudence regarding subject matter jurisdiction, personal jurisdiction, venue and basic pleading standards. The most fundamental federal rules dictate that this litigation does not belong in Kansas. Both Defendants are residents of the State of Illinois and have virtually no connection to Kansas. Neither Defendant has a presence in Kansas, does any business in Kansas, owns any property in Kansas or purposefully directed activities at Kansas that would create a "substantial connection" to Kansas. *See Walden v. Fior*, 571 U.S. 277, 284-85 (2014). Moreover, the Complaint's assertions about Defendants' supposed connection to Kansas are impermissibly vague and conclusory, and Plaintiff does not allege that

any of the operative facts occurred in Kansas. The case's only significant connection to Kansas is the location of Plaintiff's principal place of business. This is legally insufficient to establish personal jurisdiction over Defendants or venue. Plaintiff simply has not and cannot allege facts sufficient to establish personal jurisdiction, subject matter jurisdiction, or venue in this Court. Similarly, Plaintiff's Complaint cannot survive a Rule 12(b)(6) challenge because it is perplexingly vague, conclusory, factually threadbare and asserts claims that are either legally flawed or wholly unrecognized under Kansas law.

## II.    STATEMENT OF FACTS

1.     The totality of conduct upon which Plaintiff bases its claims is set forth in three paragraphs of the Complaint. *See* Compl. ¶¶ 19, 20 and 24. These allegations involve defendant Stephen Greco's purportedly improper "Disparagement" and "Solicitation":

*Fact Allegations Concerning Disparagement:*

- "Upon information and belief, Greco has contacted reporters in the financial services industry and shared with them a story of his own making, misstating Creative's growth and success." *Id.* ¶ 19.

- "Several reporters thoroughly investigated Creative and found no support whatsoever for Greco's story." *Id.* ¶ 20.

*Fact Allegations Concerning Solicitation*:

- "Thereafter, in March 2019, without any prompting, Greco contacted a Creative employee to discuss job opportunities at Spotlight." *Id.* ¶ 24.

2.     Each cause of action alleged in the Complaint identifies the Disparagement and or Solicitation as the underlying acts giving rise to the claim, for example: Count I (*id.* ¶ 29); Count II (*id.* ¶ 34); Count III (*id.* ¶ 37); Count IV (*id.* ¶¶ 43 and 44); Count V (*id.* ¶ 49); Count VI (*id* ¶ 55); and Count VII (*id.* ¶ 59).

3.     Defendant Stephen Greco is an individual who resides in Illinois. Compl. ¶ 2.

4.     Spotlight is an Illinois corporation with its principal place of business in Oakbrook Terrace, Illinois. *Id.* ¶ 3.

5.     Although Plaintiff lists General Atlantic (CP) Collections, L.P. in chain of Plaintiff's ownership, the Complaint does not identify General Atlantic (CP) Collections, L.P.'s partners or include allegations regarding where the partners reside. *Id.* ¶ 1.

6.     None of Spotlight's clients have a Kansas address. Ex. A, Greco Aff. ¶¶ 6-7, 10.

7.     Similarly, Spotlight does not have any open client leads who have a Kansas address. *Id.* ¶¶ 8, 10.

8.     Spotlight does not maintain an office in Kansas and does not have any employees who work in Kansas. *Id.* ¶ 11.

9.     Neither defendant owns any real or personal property in Kansas. *Id.*¶ 14.

10.     Defendant Spotlight Asset Group, Inc. is not a party to the Agreement referenced in Paragraph 5 of the Complaint. *Id.* ¶ 4.

11.     Neither Defendant has improperly solicited, offered employment to or hired any employees of Plaintiff. *Id.* ¶ 11.

12.     Mr. Greco has not made false statements about Plaintiff and denies all such allegations, including the allegations contained in paragraph 19 of the Complaint, as he has not made any false communications to reporters or shared with reporters "a story of his own making, misstating Creative's growth and success." *Id.* ¶ 12.

13.     In the September 5, 2017 Agreement referenced in the Complaint, Plaintiff released all known and unknown claims against Mr. Greco that Plaintiff had or may have "which arise out of [Mr. Greco's] employment or cessation of employment with [Plaintiff]." Confidential Settlement Agreement and Mutual Release.

14. Plaintiff is unable to provide the requisite factual detail needed to survive this Rule 12 challenge, because it has no examples of such alleged Disparagement or defamation, but rather seeks to discover whether any such instances possibly occurred. Plaintiff learned during unrelated legal proceedings that subsequent to Mr. Greco's March 2017 departure from employment with Plaintiff, he was a cooperating witness in certain United States Securities and Exchange Commission ("SEC") investigations against Plaintiff, provided material information to the SEC, and was a whistleblower in an SEC Investigation of Plaintiff involving potential violations of federal law (collectively "SEC Cooperation"). *See* Affidavit of Stephen A. Greco ¶ 15, attached as Ex. A.

15. Mr. Greco's SEC Cooperation involved sworn testimony and provision of confidential information, which is not subject to discovery by Plaintiff in this litigation (or otherwise). *See id.* Plaintiff may not use this litigation as a vehicle to probe the substance and scope of Greco's SEC Cooperation.

16. Plaintiff's website touts that it serves clients in all 50 states and has offices in "just about every major metropolitan area." https://creativeplanning.com/office-locations (true and correct copies of pages printed from Plaintiff's website on May 18, 2020 are attached as Ex. B).

## III. ARGUMENT

### A. The Court Should Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction.

As an initial matter, the Court should dismiss the Complaint for lack of subject matter jurisdiction, because Plaintiff has failed to plead facts sufficient to establish complete diversity. *See* Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332(a). The Complaint identifies General Atlantic (CP) Collections, L.P. as an entity whose citizenship matters for purposes of diversity

jurisdiction. To determine the citizenship of a limited partnership, the Court must consider the citizenship of each of the partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). Plaintiff has failed to plead any facts regarding the citizenship of any of General Atlantic (CP) Collections, L.P.'s partners. Accordingly, the Court should dismiss the Complaint because Plaintiff has not met its burden to establish complete diversity.

In addition, subject matter jurisdiction is lacking because Plaintiff has not met its burden to establish that the Complaint satisfies the amount-in-controversy requirement for diversity jurisdiction. It is not apparent that Plaintiff's conclusory assertions regarding the amount in controversy were made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938); s*ee also Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973); 28 U.S.C. § 1332(a). To the contrary, Plaintiff's assertion that it meets the amount-in-controversy requirement is entirely at odds with Plaintiff's factual allegations.

Because Defendants are challenging subject matter jurisdiction on this basis, Plaintiff must demonstrate "that it does not appear to a legal certainty" that Plaintiff cannot recover the minimum jurisdictional amount. *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). Plaintiff cannot meet its burden simply by asserting damages equaling the minimum amount required to sue in federal court. *Id.* Instead, Plaintiff must allege "sufficient facts . . . to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Id.* (citation omitted). The Complaint "must allege sufficient damages to assure the district court that the jurisdictional requirement has not been 'thwarted by the simple expedient of inflating the complainant's *ad damnum* clause.'" *Id.* (quoting *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971)). Additionally, "[e]very separate and distinct claim must individually meet the amount in controversy." *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

Plaintiff's own allegations reveal that Plaintiff's assertions regarding the amount in controversy lack any credibility. Plaintiff premises each of its causes of actions on its bare-bones Solicitation and Disparagement allegations. But Plaintiff does not allege any facts that would tend to suggest that either of these alleged actions caused any damage whatsoever to Plaintiff, much less damage exceeding $75,000. In fact, Plaintiff suggests the opposite. For example, Plaintiff alleges that Mr. Greco "contacted a Creative employee to discuss job opportunities at Spotlight," but Plaintiff does not allege that the individual left Plaintiff's employment, that Mr. Greco hired the individual, or that Mr. Greco even offered the individual a job. *See* Compl. ¶ 24. Regarding disparagement, Plaintiff affirmatively pleads "on information and belief" that Mr. Greco contacted unidentified reporters at an unidentified time and made misstatements regarding "Creative's growth and success." *Id.* ¶ 19. Then Plaintiff acknowledges that these reporters did not believe Mr. Greco and independently concluded that the allegations lacked support. *Id.* ¶ 20. Plaintiff does not allege that any of the alleged statements were made or disseminated to any of Plaintiff's actual or potential customers or business partners. Plaintiff does not identify even a single client lost or one business relationship harmed. Plaintiff's vague allegations are simply not actionable, and they are not legally sufficient to meet Plaintiff's burden to establish the amount in controversy necessary for diversity jurisdiction.

Plaintiff's allegations for injunctive relief do not aid Plaintiff's effort to get to the jurisdictional threshold. As a matter of law, Plaintiff is not entitled to its requested injunction prohibiting future solicitation, because as Plaintiff admits, the Agreement's limits on solicitation expired two months ago.[1] *See* Compl. ¶ 13. Plaintiff's request for an order enjoining defendants

---

[1] Defendant Spotlight is not a party to the Agreement and cannot be subject to an enforcement action, simply based on Greco's employment at Spotlight.

"from disparaging and defaming Plaintiff" is also invalid, because it would constitute an unlawful prior restraint. *See Near v. Minnesota*, 283 U.S. 697 (1931).

**B. The Court Should Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.**

Personal jurisdiction is an essential element of the jurisdiction of a court, without which the court is powerless to proceed to adjudication. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999). Due process allows a federal court sitting in diversity to exercise personal jurisdiction over a non-resident defendant only so long as there exist "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen, Co. v. Woodson*, 444 U.S. 286, 291 (1980). This "minimum contacts" standard may be met in two ways—through either "specific" personal jurisdiction or "general" personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

A person is subject to general jurisdiction within a State if its contacts with the State are so "continuous and systematic" that the person is essentially at home in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The more limited "specific personal jurisdiction" only exists over a defendant when "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Specific personal jurisdiction against a defendant may be found where the defendant has deliberately engaged in significant activities in the forum or created ongoing obligations with residents in the state, such that he has availed himself of the privilege of regularly conducting business in the forum and his activities are shielded by "the benefits and protections" of the forum's laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985). It is essentially a "*quid pro quo*"

where defendant is required to submit to the burdens of litigation in a forum in which he receives the benefits and protections of the law. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1078 (10th Cir. 2008) (Specific jurisdiction is "something of a *quid pro quo:* in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts").

The United States Supreme Court has most recently delineated the requirements for specific personal jurisdiction in *Walden v. Fior*, 571 U.S. 277 (2014). The Court explained that for jurisdiction to exist, the Fourteenth Amendment's Due Process Clause requires that the nonresident have "certain minimum contacts" with the forum state. *Id.* at 283. (citing *International Shoe Co.*, 326 U.S. at 316). For a forum to exercise jurisdiction consistent with due process, that relationship must arise out of contacts that the "defendant *himself* " creates with the forum. *Walden*, 571 U.S. at 283 (citing *Burger King Corp.*, 471 U.S. at 474). Importantly,"[t]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285; *see also, e.g., International Shoe,* 326 U.S. at 319. Due process limits protect the liberty of the nonresident defendant—not the convenience of plaintiffs. *World–Wide Volkswagen Corp.,* 444 U.S. at 291–292. These same principles apply equally when intentional torts are involved. *Walden*, 571 U.S. at 286.

Plaintiff bears the burden of establishing personal jurisdiction over each of the defendants. *OMI Holdings*, 149 F.3d at 1090-91. In resolving this Rule 12(b)(2) motion, this Court may consider Stephen Greco's attached affidavit and should only assume the allegations in the Complaint to be true to the extent not contradicted by Mr. Greco's affidavit. *See Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). Further, Plaintiff's conclusory allegations made "upon information and belief" are insufficient to defeat Defendants' motion for lack

of personal jurisdiction. *Cf. CGB Diversified Services, Inc. v. Adams*, No. 2:20-CV-2061-HLT-KGG, 2020 WL 1847733, at *2-3 (D. Kan. April 13, 2020) (granting motion to dismiss and concluding that plaintiff's bare allegations in complaint, asserted on "information and belief" without any facts forming the basis for plaintiff's information and belief, were insufficient to state a claim); *see also Youming Jin v. Ministry of State Sec.,* 335 F. Supp. 2d 72, 81 (D.D.C. 2004); *Silverstein v. Experienced Internet.com, Inc.*, 2005 WL 1629935, *3 (N.D. Cal. July 11, 2005) (holding that plaintiff had failed to make an adequate showing of personal jurisdiction where all of the plaintiff's jurisdictional allegations in the complaint were based on information and belief and the plaintiff failed to submit other competent evidence that demonstrated personal jurisdiction); *U.S. Fire Ins. Co.* v. *Pinkard Construction Co*; No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. Sept 29, 2009) (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

In the instant case, Plaintiff cannot plausibly maintain that its sparse jurisdictional allegations are sufficient to confer general jurisdiction. Nor can it meet its burden to establish specific jurisdiction. Indeed, the only allegations concerning jurisdiction are:

1) Greco engaged in numerous telephone calls and communications with Kansas entities while negotiating the Agreement (Compl. ¶ 6);

2) Upon information and belief Greco has engaged in numerous communications with Kansas entities for and on behalf of Spotlight; (Compl. ¶ 7);

3) Personally and on behalf of Spotlight, Greco directed his wrongful action toward a Kansas entity causing injury;( Compl. ¶ 8); and 4) a choice of law provision in an Agreement (Compl. ¶ 5).

Plaintiff's allegations based upon information and belief are not only legally insufficient, they are actually false as established by the affidavit of Defendant Stephen Greco. *See* Ex. 1, Affidavit of Stephen Greco. Mr. Greco has not, individually or on behalf of Spotlight, had

numerous communications with Kansas entities while doing business. *Id.* ¶ 5. Spotlight does not have any clients with a residence in Kansas, nor has Spotlight ever had any such customers. *Id.* ¶ 6. Spotlight does not even have any potential leads in its database with a Kansas address. *Id.* ¶ 7.

Mr. Greco's telephone calls with Plaintiff in 2017 to negotiate the terms of the Agreement are equally insufficient to establish personal jurisdiction over Mr. Greco or Spotlight. *See Green Country Crude, Inc. v. Avant Petroleum, Inc.*, 648 F. Supp. 1443, 1451 (D. Kan. 1986) ("The mere negotiation of a sales transaction, or placement of an order for goods, over the telephone with persons residing in Kansas does not invoke the benefits and protections of the laws of this state.); *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine*, 750 F.3d 1178, 1180 (10th Cir. 2014) (holding alleged falsehoods in an opinion letter sent from an out-of-state law firm defendant to a plaintiff in the forum state failed to establish jurisdiction).

Under *Walden*, personal jurisdiction over Mr. Greco cannot be established when his only alleged contact with Kansas occurred exclusively with Plaintiff in phone call negotiations of the Agreement. Not only are the telephone negotiations of the Agreement insufficient, the law is clear that the existence of the Agreement itself is not sufficient to confer jurisdiction. *See Burger King,* 471 U.S. at 478, ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot").

In *Dental Dynamics, LLC v. Jolly Dental Group*, LLC, 946 F.3d 1223, 1232 (10th Cir. 2020), the court analyzed whether personal jurisdiction was appropriate for a breach of contract claim where there had been three separate transactions between the parties. None of the agreements, however, were negotiated or executed in person. The court concluded these transactions were insufficient to show defendant's purposeful direction at the forum state. *Id* at

1232. Here, it is uncontroverted that Mr. Greco was in Illinois during the telephone negotiations, was a resident of Illinois and executed the Agreement in the State of Illinois. *See also Old Republic Ins. Co. v. Continental Motors Inc.,* 877 F.3d 895, 910 (10th Cir. 2017) (finding no purposeful direction even where a contract with a forum-state entity was accompanied by the parties' contemplation of "some potentially ongoing consequences" because the record lacked evidence of "any significant course of dealing" or long-term contractual commitments associated with the forum state); *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1325 (10th Cir. 2019) (holding no purposeful direction established where a party attended numerous trade shows in the forum state).

Plaintiff's third attempt at establishing personal jurisdiction contradicts established United States Supreme Court jurisprudence. Plaintiff alleges personal jurisdiction over both Spotlight and Mr. Greco on the basis that "*Greco has directed his wrongful actions toward a Kansas resident, causing injury.*" Compl. ¶ 8. As the United States Supreme Court confirmed in *Walden,* the plaintiff cannot be the only link between the defendant and the forum. *Walden,* 571 U.S. at 285. Stated differently, any pre-*Walden* decision that implies that harming a plaintiff in the forum state alone creates minimum contacts "can no longer be considered authoritative." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 802 (7th Cir. 2014).

A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that *independently* connects him to the forum State and otherwise creates the necessary contacts with the forum State; it is impermissible to allow plaintiff's contacts with the defendant and the forum to drive the "minimum contacts" analysis. *Walden*, 571 U.S. at 286. The proper question is not whether defendant directed wrongful actions

at plaintiff or caused plaintiff injury, but whether the defendant has created sufficient contacts with the forum State that connect him to the forum in a meaningful way such that he purposefully availed himself of the forum laws. *Id.* at 290; *see also Anzures v. Flagship Restaurant Group,* 819 F.3d 1277, 1281 (10th Cir. 2016) (declining to find personal jurisdiction where "In short, defendants' suit-related conduct did not create any meaningful contacts with [the forum] itself, and the fact that Anzures was affected in [the forum] (because he resides there) is insufficient to authorize personal jurisdiction over defendants") (citing *Walden,* 571 U.S. at 291); *AgJunction LLC v. Agrian Inc*., No. 14-CV-2069-DDC-KGS, 2014 WL 3361728 (D. Kan. July 9, 2014) (despite allegations that defendants took proprietary and confidential information from a Kansas company and used that information to develop their own identical product to compete against the Kansas company, the Court found there was no personal jurisdiction over the defendants for the alleged claims of intentional interference with business advantage, violation of the Kansas Uniform Trade Secrets Act, unfair competition, breach of the duty of loyalty, breach of fiduciary duty, civil conspiracy and tortious interference with contract).

Plaintiff finally tries to hyperextend a narrow choice-of-law provision an Agreement with Mr. Greco (individually), to establish personal jurisdiction over both Mr. Greco and Spotlight. It is well established that a choice of law provision is insufficient to confer personal jurisdiction. *Burger King Corp.* 471 U.S. at 482; *Keeton v. Hustler Magazine Inc*., 465 U.S. 770, 778, (1984) ("[W]e do not think that such choice of law concerns should complicate or distort the jurisdictional inquiry"); *Sea Eagle Ford LLC v. Texas Quality Well Service LLC*, No. 17-cv-02141-PAB-KMT, 2018 WL 4352011, at *3 (D. Colo., Sept. 12, 2018) (finding that, despite a Colorado choice-of-law provision, because plaintiff had "introduced no evidence that [the] defendant ha[d] contacts in Colorado other than its contractual relationship with [the] plaintiff,"

the plaintiff had failed to establish that the defendant had the requisite "continuing and wide-reaching contacts" with the forum state).

In this case, the choice of law provision in the Agreement is narrow and does not contemplate any ongoing relationship or performance in Kansas. The Agreement does not contain a forum-selection provision or even the most remote reference to jurisdiction. The very nature of the Agreement—a separation agreement—establishes that the Parties did not contemplate any further contact with Kansas and certainly did not agree to jurisdiction in Kansas. In fact, the only reference to Kansas is a narrowly tailored "choice-of-law" provision which explicitly contemplates and addresses enforcement in a jurisdiction outside of Kansas, providing in pertinent part that interpretation and performance of the Agreement will be "governed by the laws of the State of Kansas *without reference to that jurisdiction's choice of law provision*." (emphasis added) (Agreement ¶ 12.7). With respect to Spotlight, the argument for personal jurisdiction based on the choice-of-law provision is even more remote and untenable, as it was not even a party to the Agreement. As such, this Court must dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2).

**C. The Court Should Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(3) Because Venue Is Not Proper in Kansas, or If The Court Does Not Dismiss the Entire Case for Other Reasons, Transfer the Case to the Northern District of Illinois.**

The Court should dismiss the Complaint for improper venue because Plaintiff has failed to establish that the alleged acts and omissions giving rise to its claims have the requisite substantial connection to Kansas. Plaintiff bears the burden to establish that venue is proper in its chosen forum, and must establish venue as to each defendant. *See, e.g., B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002). Plaintiff premises venue on 28 U.S.C. § 1391(a)(2), which provides that venue is proper in "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). To satisfy the substantiality requirement, Plaintiff must show acts and omissions within the forum that have a close nexus to the alleged claims. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165 (10th Cir. 2010). Plaintiff has not done that.

Federal courts apply a two-step analysis when evaluating a venue challenge under 28 U.S.C. § 1391(a)(2). *Id.* First, the Court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims." *Id.* (citations omitted). Next, the Court must determine "whether substantial 'events material to those claims occurred' in the forum district.'" *Id.* The Court must take the allegations in the Complaint as true, except to the extent they are controverted by Defendant's affidavit, and the Court must resolve factual disputes in Plaintiff's favor. "However, only the well pled facts of the plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *See Wentz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) *cited by Transport Funding, LLC v. HVH Trans., Inc.*, No. 2:17-CV-2106-JAR-GLR, 2017 WL 4223126 (Sept. 22, 2017).

When evaluating the acts and omissions giving rise to the suit, the Tenth Circuit has indicated that the focus should be on the Defendants' conduct, not the Plaintiff's. *See Goff v. Hackett Stone Co.*, 185 F.3d 874, at *1 (Table), 1999 WL 397409 (10th Cir. June 17, 1999); *see also Employers Mut. Cas. Co.*, 618 F.3d 1153, n.11 (10th Cir. 2010) (citing *Goff*, 185 F.3d 874) (focusing its analysis on defendant's activities while also noting that the Tenth Circuit has not definitively concluded whether it is proper to consider plaintiff's activities as well as those of the defendant); *Transport Funding, LLC*, 2017 WL 4223126 at *1 (dismissing for improper venue and holding that communications defendant had with plaintiff while plaintiff was in the forum jurisdiction but which had nothing to do with the alleged breach of contract did not support

venue in Kansas). The *Goff* court explained that it is appropriate to focus on the defendant's actions, because "[v]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the focus [is] on relevant activities of the defendant, not the plaintiff." *Goff*, 185 F.3d 874, at *1.

Regardless of whether the Court focuses on Defendants' conduct or also considers Plaintiff's acts and omissions, it is plain that venue does not lie in Kansas. The Complaint does not assert that <u>any</u> of the alleged acts or omissions giving rise to its myriad causes of action occurred in Kansas, much less a substantial portion of these events.[2] Plaintiff alleges a variety of causes of action (breach of contract, tortious interference, slander, negligent misrepresentation and civil conspiracy against Mr. Greco, and tortious interference and conspiracy against Spotlight), premising each on its brief, non-specific allegations of Disparagement and Solicitation. Regarding Solicitation, Plaintiff claims that Greco "contacted a Creative employee to discuss job opportunities at Spotlight." Compl. ¶ 24. The Complaint does not allege that this action occurred in Kansas. And it would be improper to infer that the contact occurred in Kansas, because Plaintiff, by its own public admission, has offices in "just about every major metropolitan area." *See* Ex. B. Similarly, the Complaint does not state facts indicating that the alleged disparagement occurred in Kansas. Plaintiff does not identify which "reporters in the financial services industry" Mr. Greco allegedly contacted, where the statements were made from, or where the reporter was when the reporter received the statements. Compl. ¶ 19. And as to Spotlight, the Complaint makes no allegations whatsoever detailing any specific acts or omissions, much less where they occurred.

---

[2] The only even arguable exception is Plaintiff's assertion of negligent misrepresentation. But as explained in Section D.2(a) below, this claim, which is limited to Mr. Greco, asserts that when Mr. Greco entered into the Agreement, he negligently promised not to disparage Plaintiff. This does not state a cognizable negligent misrepresentation claim under Kansas law.

On these fact allegations, the Court should conclude, as other courts have under similar circumstances, that venue is improper in this forum. *See, e.g., Transport Funding, LLC v. HVH Trans., Inc.*, No. 2:17-CV-2106-JAR-GLR, 2017 WL 4223126, at *1 (Sept. 22, 2017); *Aspen Corp., Inc. v. Gorman*, No. 18-cv-01335-CMA-SKC, 2019 WL 1281211 (D. Colo. March 20, 2019) (holding that plaintiff had failed to establish proper venue in its home forum where the plaintiff's employee worked remotely in another state and the allegedly wrongful actions occurred in that state); *Builders Bank v. Ruvalcaba*, No. 14 C 116, 2014 WL 3889067 (N.D. Ill. Aug. 8, 2014); *Fodor v. Hartman*, No. 05-CV-02539-PSF-BNB, 2006 WL 1488894 (D. Colo. May 30, 2006) (tangential contacts with the forum that do not constitute acts or omissions giving rise to plaintiff's claims are insufficient to establish proper venue).

In *Transport Funding, LLC*, the Court concluded that venue was improper in the District of Kansas in a breach of contract case, concluding that the plaintiff's residence in Kansas and the fact that the defendant had communicated with the plaintiff in Kansas about the alleged defaults were insufficient to establish venue. 2017 WL 4223126 at *3-4. The Court explained, "For communications to be sufficient to confer venue, they must be more than general business communications." *Id.* at *4. Further, the Court concluded that the dispute did not involve formation of the agreement and "the alleged breach had nothing to do with [defendant] sending communications or documents to Kansas." Similarly, in this case there are no factual allegations establishing that Mr. Greco's alleged breach occurred in Kansas, and Plaintiff's residence in Kansas is insufficient as a matter of law.

On facts very similar to those in the present case, the *Builders Bank* court held that venue was improper in plaintiff's home forum for claims involving a separation agreement between the plaintiff company and a former employee who worked at the plaintiff's branch office in a

different state. 2014 WL 3889067, at *1. Like Plaintiff here, the *Builders Bank* plaintiff asserted

that the defendant had breached a contractual non-disparagement clause and tortiously interfered

with business relationships. The court rejected venue, because the alleged violations occurred in

the forum where the defendant had worked and his conduct was alleged to have affected business

relationships in that forum, not the venue in which the plaintiff filed suit. Moreover, the

defendant signed the agreement in the other forum. The Court in this case should reach the same

result, and hold that venue in Kansas is improper.

Because venue is improper, this Court should dismiss the case or, if it does not dismiss

the entire case for other reasons, transfer it to the Northern District of Illinois, where Defendants

reside and venue is proper.

### D. The Court Should Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim for Which Relief May Be Granted.

1. <u>Standard of Review</u>

At the motion-to-dismiss stage, the court does not weigh the evidence, but rather engages

in a more limited analysis that focuses on the sufficiency of the allegations. *See, e.g., Brokers'*

*Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (citing *Miller v. Glanz*, 948

F.2d 1562, 1565 (10th Cir. 1991). In determining a Rule 12 motion, the court is focused only on

whether jurisdiction exists and whether the plaintiffs have plead a claim to relief that is plausible

on its face. *See The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007) (cited in *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1199 (D.N.M. 2010)).

Plaintiff cannot survive Defendants' 12(b)(6) challenge by supplementing the Complaint with

affidavits, documents or other sources outside "the four corners of the complaint." *Mobley v.*

*McCormick,* 40 F.3d 337, 340 (10th Cir. 1994), *citing Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

Courts must dismiss a cause of action under Rule 12(b)(6) under two circumstances: (1) dismissal is warranted where an issue of law precludes recovery, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); and (2) dismissal is likewise appropriate where the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *see also Biomin American, Inc. v. Lesaffre Yeast Corp.*, No. 2:20-cv-02109-HLT, 2020 WL 2395200, at *3-4 (D. Kan. May 12, 2020) (dismissing complaint for failure to state a claim after noting that of the 169 paragraphs, only four contained actual allegations and those could be pared down to a single fact).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561 (citation omitted).

2.  <u>As a Matter of Law, Plaintiff Has Failed to Plead Sufficient Facts to State Plausible Claims.</u>

Plaintiff's Complaint – which consists almost entirely of rote recitations of claim elements, without any factual detail – fails to satisfy the basic pleading requirements explained in *Iqbal* and *Twombly* and should be dismissed. Indeed three paragraphs of the Complaint comprise the entire factual basis for all of Plaintiff's claims (as explained above), and these allegations are fundamentally insufficient. *See* Compl. ¶¶ 19, 20 and 24. These three allegations are the basis for each and every cause of action alleged in the Complaint. *See* Compl. Count I, ¶ 29; Count II, ¶ 34; Count III, ¶ 37; Count IV, ¶¶ 43 and 44; Count V, ¶ 49; Count VI, ¶ 55; and Count VII, ¶ 59.

Even though Plaintiff's Complaint is entirely based upon Mr. Greco's purported Disparagement and Solicitation, as a foundational matter, Plaintiff has utterly failed to provide any supporting facts that would make a finding of Disparagement or Solicitation even remotely plausible. For example, with respect to Disparagement, the Complaint makes the allegations "upon information and belief" without including any facts: (i) identifying the substance of a single alleged disparaging or false statement; (ii) identifying the date disparaging statements were made or the method of communication; (iii) identifying the "reporters in the financial services industry" to whom Mr. Greco allegedly made the disparaging statements; (iv) identifying whether any disparaging statements were ever publicly disseminated; (v) identifying how many instances of Disparagement occurred; (vi) identifying the substance of the "story of his own making" or any other communication; or (vii) sufficient to establish that any statements were false, disparaging or not privileged communications under the First Amendment.[3]

_____

[3] Subjective statements and opinion are protected by the First Amendment, as long as they do not present or imply the existence of defamatory facts which are capable of being proven true or false. *Milkovich v. Lorain Journal Co*., 497 U.S. 1, 18-19 (1990). Vague language that is subject to multiple interpretations is generally not actionable. *See Montgomery v. Risen*, 875 F.3d 709,

The allegation of solicitation is insufficient for similar reasons. It is entirely premised on a single allegation that Mr. Greco discussed job opportunities with an employee of Plaintiff in March 2019. Compl. ¶ 24. Plaintiff does not identify the employee, allege that Mr. Greco offered the employee a position with Spotlight, allege Spotlight hired the employee, or provide the substance of the allegedly solicitous communications. Without more, there are no facts that would suggest the alleged discussion rose to the level of solicitation, such as: factual allegations that Mr. Greco encouraged the employee to leave employment with Plaintiff, affirmatively offered the employee a position at Spotlight, or that the employee quit Plaintiff and was hired by Spotlight.

Plaintiff fails to allege sufficient facts to make Disparagement or Solicitation remotely plausible. Plaintiff did not identify the substance of any statements alleged to constitute Disparagement or Solicitation, but rather vaguely and generically concluded Mr. Greco made statements that were false, disparaging or solicitous. *See Bushnell Corp. v. ITT Corp*. 973 F. Supp. 1276 (D. Kan. 1997) (holding Plaintiff failed to state a cause of action because the complaint did not identify who made the allegedly defamatory statements and to whom the statements were made). For example, Plaintiff bases the solicitation allegation solely on a single alleged call to an undisclosed employee of Plaintiff wherein Mr. Greco discussed "job opportunities at Spotlight." Compl. ¶ 24. Such a broad subject matter, without more, could easily encompass a wide range of conduct, much of which would be unactionable. *See Dorf v. City of Evansville*, 2012 WL 1440343, at *4 (D. Wyo. Apr. 22, 2012). Additionally, the complaint fails to allege a time frame for the allegations which is a fact of particular importance given the statute of limitations. *See Coleman v. General Motors,* 2012 WL 6681811, at *1 (D. Kan., Dec. 21,

713 (D.C. Cir. 2017) (characterization of software sold to the government as a "hoax" is too "loose, figurative or hyperbolic" to be considered defamatory).

2012) (dismissing claim that did not allege the substance of the allegedly false statements, to whom the statements were made, and the time period in which the allegedly false words were spoken).

Additionally, the Complaint fails to identify any facts suggesting Plaintiff suffered harm or damages resulting from Mr. Greco or Spotlight's purported misconduct, even though damages are a necessary element of each of Plaintiff's claims. In fact, all seven counts conclude with the same formulaic recitation that Plaintiff has suffered harm and damages in excess of $75,000.00. Compl. ¶¶ 30, 35, 41, 46, 51, 56 and 60. Plaintiff did not allege any loss of customers, employees or business partners. Plaintiff did not allege any dissemination of false or disparaging facts that could have caused reputational damage. Rather, Plaintiff alleges facts suggesting that there was no harm or damage, such as its allegation that the reporters did not believe Mr. Greco's alleged "stories of his own making." Compl. ¶¶ 19 and 20. The Complaint does not include a single well-pled factual allegation that Plaintiff suffered any harm or damage of any kind. Plaintiff's allegations are precisely the "threadbare recitals of the elements of the cause of action" that the Court should deem insufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

a) *Plaintiff's claims are not legally cognizable.*

Plaintiff's claim for Negligent Misrepresentation (Count III, asserted against Mr. Greco) fails, as Kansas has long rejected claims for negligent misrepresentation premised on allegations that a party to a contract misrepresented an intention to perform under the agreement. *See Eckholt v. American Business Information, Inc.,* 873 F. Supp. 526, 532 (D. Kan.1994) (explaining in part, "[t]o recognize a claim for negligent promise, on this record, would be to endow every breach of contract with a potential tort claim for negligent promise"); *Gerhardt v.*

*Harris,* 934 P.2d 976, 985, 261 Kan. 1007, 1021 (Kan. 1997) (explaining that Kansas does not recognize such a cause of action, because it would essentially result in any breach of contract action also being treated as a negligent misrepresentation claim). Here, Plaintiff alleges Mr. Greco negligently induced it to enter the Agreement by promising he would not solicit employees or disparage Plaintiff Compl. ¶¶ 37, 39 and 40. Kansas law is clear that this allegation is insufficient to form the basis of a negligent misrepresentation claim. Accordingly, Count III fails and must be dismissed.

Count III also fails because it is an improper attempt to bring a breach of contract claim into tort. Plaintiff claims the same conduct by Mr. Greco (disparagement and solicitation) gives rise to its breach of contract claim Compl. ¶ 29. Kansas law is clear that a cause of action in tort cannot lie for conduct governed by the contract. *Professional Service Industries, Inc. v. Kimbrell,* 834 F. Supp. 1305 (D. Kan. 1993) (holding plaintiff cannot maintain "a negligence claim on the same conduct governed by the parties' contract which specifies the consequences of such a breach"). Thus, Count III must be dismissed for the additional reason that Kansas does not permit tort claims in negligence for conduct governed by contract.

Finally, Count III fails because Plaintiff is a sophisticated business that drafted the Agreement, was represented by counsel and expressly disavowed that it was relying on any representations that were not contained in the Agreement itself. In particular, paragraphs 12.2 and 12.3 of the Agreement provide:

> **12.2 Integration, Modifications.** Except as otherwise stated herein, this Agreement constitutes the complete agreement between the Parties, and contains all of the promises and undertaking of the Parties. All prior agreements, representations, negotiations, and understandings among the Parties, oral or written, express or implied, with respect to the subject matter of this Agreement, unless specifically incorporated into this Agreement by reference, are hereby superseded by this Agreement.

**12.3 Knowledge/Voluntary Waiver.** The parties acknowledge and agree that they have had sufficient time to consider the Agreement and consult with legal counsel of their choosing concerning its meaning prior to entering into this Agreement. In entering into this Agreement, no Party has relied on any representations or warranties expressly set forth in the Agreement.

Where a cause of action depends in large measure on attached exhibits of written instruments and those exhibits conflict with the allegations of the petition, the recitals in the exhibits are controlling. *Wood v. Stewart,* 158 Kan. 729, 150 P.2d 331 (1944); *State ex rel. Fatzer v. Sinclair Pipe Line Co.*, 180 Kan. 425, 304 P.2d 930 (1957). Accordingly, Plaintiff is prohibited from relying on any purported statements not contained in the Agreement and fails to state a cause of action in Count III.

Plaintiff fails to state a cause of action for tortious interference (Count II, asserted against Mr. Greco), in part because the Complaint fails to allege facts establishing the requisite elements: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to plaintiff; (2) that defendant had knowledge of the business relationship or expectancy; (3) that, except for the conduct of defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) that plaintiff suffered damages as a direct or proximate cause of defendant's misconduct. *See Burcham v. Unison Bankcorp,* Inc., 276 Kan. 393, 424, 77 P.3d 130, 151 (2003). In *Bushnell Corp.*, the court held that the plaintiff's failure to plead all essential elements of a tortious interference claim warranted judgment on the pleadings in favor of defendant:

> [P]laintiff has alleged that it had "contractual relations" with its customers and vendors. It has not, however, alleged that any particular contract was breached as a result of conduct by defendant. The court concludes that this most basic element of breach must be alleged to state a claim for tortious interference with contract. *See Reazin v. Blue Cross & Blue Shield of Kan.,* 663 F. Supp. 1360, 1491 (D. Kan. 1987) (it is fundamental that the tort of interference with contract requires proof of breach), *aff'd,* 899 F.2d 951 (10th Cir. 1990).

*Bushnell Corp. v. ITT Corp.* 973 F. Supp. 1276, 1288 (D. Kan. 1997).

Here, Plaintiff fails to identify a single customer, employee or partner in the financial services industry with whom Mr. Greco interfered; allege what intentional misconduct Mr. Greco engaged in, other than a general reference to allegedly disparaging statements made to reporters (Compl. ¶ 34); or allege any facts that any of Plaintiffs' relationships were damaged by any intentional misconduct by Mr. Greco. And it is simply not plausible that Mr. Greco's alleged disparaging statements to reporters (*Id.* ¶¶ 19, 20 and 34), that were not believed by the reporters or published (*Id.* ¶ 24), could be construed as intentional misconduct that interfered with, injured or damaged Plaintiff's relationships with its customers, employees or partners in the financial industry.

Plaintiff's slander claim (Count IV, asserted against Mr. Greco) fails to state a claim under 12(b)(6) because it is entirely premised upon allegations "made upon information and belief," that Mr. Greco made disparaging statements to reporters. Compl. ¶¶ 19, 20 and 44. As set forth more fully above, the "disparagement" allegations lack any specificity, fail to identify the actual statements, fail to identify the reporters or publications to whom the statements were purportedly made and fail to allege any publication. Obscure allegations that Mr. Greco made some sort of statement to unidentified reporters are simply not sufficient to state a claim for defamation. *Bushnell Corp.* at 1276.

Perhaps most fatal to Plaintiff's slander claim is Plaintiff's allegation that the reporters investigated and found Mr. Greco's statements to be untrue (Compl. ¶ 20) and the lack of any allegations in the Complaint that the reporters published any of the disparaging or false information or that anyone else heard the alleged statements or believed the statements. Damage to one's reputation is the gravamen of an action for defamation, and unless injury to reputation is

shown, plaintiff has not established a valid claim for either libel or slander. *See Gobin v. Globe Pub. Co.*, 232 Kan. 1, 6, 649 P.2d 1239 (1982). Mr. Greco's alleged statements could not have damaged Plaintiff's reputation in a situation where Plaintiff admits that no one who heard them believed them to be true. The existence of special damages is an essential ingredient of Plaintiff's slander claim and must be plead with sufficient specificity to satisfy the dictates of Rule 9(g). *Woodmont Corp. v. Rockwood Center Partnership*, 811 F. Supp. 1478, 1484 (D. Kan. 1993). Plaintiff could not plead special damages with specificity, because the plain language of the Complaint establishes that Plaintiff did not suffer any injury or damages, special or otherwise. Accordingly, Plaintiff has failed to state a cause of action for slander, because there has been no damage to reputation and Plaintiff has failed to plead special damages as required by Fed. R. Civ. P. 9(g).

Plaintiff's slander claim fails for the additional reason that subjective statements and opinion are protected by the First Amendment as long as they do not present or imply the existence of defamatory facts which are capable of being proven true or false. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990). Vague language that is subject to multiple interpretations is generally not actionable. *See Montgomery v. Risen*, 875 F.3d 709, 713 (D.C. Cir. 2017) (characterization of software sold to the government as a "hoax" is too "loose, figurative or hyperbolic" to be considered defamatory). This is a question to be determined by the court. *Robinson v. Wichita State University*, No. 16-cv-2138-DDC-GLR, 2017 WL 2378332, at *4 (D. Kan. May 31, 2017).

Here, Plaintiff has only alleged that Mr. Greco misstated Plaintiff's "growth and success." Numerous courts have held similar statements are too vague to be actionable. *See, e.g., Gray v. St. Martin's Press, Inc.,* 221 F.3d 243, 249 (1st Cir. 2000) (holding that what is success

or failure for a public communications firm is very much a matter of opinion); *Robinson v. Wichita State University*, No. 16-2138-DDC-GLR, 2018 WL 836294, at *12 (D. Kan. Feb. 13, 2018) ("too bureaucratic" is subjective and non-defamatory); *Clark v. Time Inc.,* 242 F. Supp. 3d 1194, 1219 (D. Kan. 2017) ("disturbing" management style is subjective and non-defamatory); *McKee v. Cosby*, 236 F. Supp. 3d 427, 445 (D. Mass.) *aff'd*, 874 F.3d 54 (1st Cir. 2017) ("The judgment of an individual's credibility is not an objective fact capable of being proven true or false."); *Metcalf v. KFOR-TV, Inc.*, 828 F. Supp. 1515, 1530 (W.D. Okla. 1992) (statement that a medical organization was a "sham" perpetrated by "greedy doctors" is a matter of opinion); *NBC Subsidiary (KCNC-TV), Inc. v. Living Will Center*, 879 P.2d 6, 11 (Colo. 1994) (*en banc*) (statement that a product is a "scam" as a statement of its value is not a defamatory statement). Similarly, statements regarding a company's growth or success are too vague to prove true or false and are not actionable.

b) *Plaintiff's allegations against Spotlight are conclusory and insufficient to state a claim.*

Counts V, VI and VII, asserted against Spotlight, suffer many of the same deficiencies as set forth above and should be dismissed. The claims are factually insufficient and wrought with vague and conclusory allegations. Each contains a rote recitation of the elements of the claim, without any factual support. For example, in Count V (Tortious Interference with Contract), Plaintiff alleges "Spotlight, intentionally, and without justification or excuse, caused Mr. Greco to breach the Agreement." Compl. ¶ 50. Plaintiff fails to allege who at Spotlight caused Mr. Greco to breach the Agreement, or when, where or how the alleged conduct was accomplished. Count VI fails to state a claim against Spotlight for Tortious Interference with Business Expectancies, as Plaintiff's conclusory allegations fail to identify a single customer, employee or partner with whom it allegedly had a relationship that was damaged by Spotlight's alleged

wrongful actions. Count VII maintains the Defendants conspired to commit the causes of action in the preceding Counts. Just as each of those causes of action fail, the purported civil conspiracy to do the same fails as well and should be dismissed.

## IV.    CONCLUSION

As set forth herein, this Honorable Court should dismiss this matter for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and/or pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,


Dated:  May 21, 2020            By s/ Catherine C. Theisen
                                  Terrence J. Campbell, KS #18377
                                  Catherine C. Theisen, KS #22360
                                  1211 Massachusetts Street
                                  P.O. Box 667
                                  Lawrence, KS 66044
                                  Tele: (785) 843-6600
                                  Fax: (785) 843-8405
                                  tcampbell@barberemerson.com
                                  ctheisen@barberemerson.com

                                  and

                                  Kathleen Chavez, Esq., admitted *pro hac vice*
                                  FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                  10 W. State Street, Suite 200
                                  Geneva, IL 60134
                                  Tel. No.: (630) 232-7450
                                  kcc@fmcolaw.com

                                  and

                                  Matthew Herman, admitted *pro hac vice*
                                  FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                  10 W. State St., Suite 200
                                  Geneva, IL 60134
                                  Tel No.: (630)232-7450
                                  mjh@fmcolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all attorneys linked to this case.

s/ Catherine C. Theisen
Catherine C. Theisen
